EXHIBIT A

# RHODE ISLAND SHEET METAL WORKERS LOCAL NO. 17

AND

# SHEET METAL CONTRACTORS ASSOCIATION OF RHODE ISLAND

# ANNUITY INCOME FUND TRUST AGREEMENT

# TABLE OF CONTENTS


## ARTICLE I

## TRUSTEES AND TRUST FUND

1.1 NAME OF TRUST 2

## ARTICLE II

## PLAN

2.1 DELIVERY OF PLAN TO TRUSTEE 2

## ARTICLE III

## ADMINISTRATOR

3.1 NOTIFICATION OF NAME OF ADMINISTRATOR 3

## ARTICLE IV

## CONTRIBUTIONS

4.1 RECEIPT OF CONTRIBUTION 3

## ARTICLE V

## TRUSTEE

5.1 BASIC RESPONSIBILITIES OF THE TRUSTEE 4

5.2 INVESTMENT POWERS AND DUTIES OF THE TRUSTEE 4

5.3 OTHER POWERS OF THE TRUSTEE 5

5.4 DUTIES OF THE TRUSTEE REGARDING PAYMENTS 7

5.5 TRUSTEE'S COMPENSATION AND EXPENSES AND TAXES 7

5.6 ANNUAL REPORT OF THE TRUSTEE 7

5.7 AUDIT 8

5.8 RESIGNATION, REMOVAL AND SUCCESSION OF TRUSTEE 9

ARTICLE VI

AMENDMENT, TERMINATION AND MERGERS

6.1 AMENDMENT 11

6.2 TERMINATION 12

6.3 MERGER OR CONSOLIDATION 12

ARTICLE VII

MISCELLANEOUS

7.1 QUALIFIED TRUST 12

7.2 CONSTRUCTION OF AGREEMENT 12

7.3 GENDER AND NUMBER 13

7.4 LEGAL ACTION 13

7.5 HEADINGS 13

7.6 IRREVOCABILITY OF TRUST 13

RHODE ISLAND SHEET METAL WORKERS LOCAL NO. 17

AND

SHEET METAL CONTRACTORS ASSOCIATION OF RHODE ISLAND

ANNUITY INCOME FUND TRUST AGREEMENT

THIS AGREEMENT, hereby adopted this 2nd day of April, 19 91, by Rhode Island Sheet Metal Workers Local No. 17 (and such other unions as may hereafter join this Plan by written agreement with all parties hereto, herein referred to as the "Union"), the Sheet Metal Contractors Association of Rhode Island, (comprised of and on behalf of their members who are employers in the Industry and such other employers who may become part of this Plan, herein referred to as "Employers"), Glenn A. Hahn, Richard J. Mills and Salvatore Masiello (Union Trustees) and Richard E. Wild, Ralph Nonnenmacher and John J. Gibbons, III (Employer Trustees).

W I T N E S S E T H:

WHEREAS, the Union and the Employers have concurrently herewith adopted a Money Purchase Pension Plan known as the Rhode Island Sheet Metal Workers Local No. 17 Annuity Income Fund (herein referred to as the Plan); and

WHEREAS, under the terms of the Plan, funds will from time to time be contributed to the Trustees (herein referred to as the "Trustee"), which funds as and when received by the Trustee, will constitute a trust fund to be held by said Trustee under the Plan for the benefit of the Participants or their Beneficiaries; and

WHEREAS, the Union and the Employers desire the Trustee to hold and administer such funds and the Trustee is willing to hold and administer such funds pursuant to the terms of this Agreement;

NOW, THEREFORE, for and in consideration of the premises and of the mutual covenants herein contained, the Union, the Employers, and the Trustee do hereby covenant and agree as follows:

## ARTICLE I
## TRUSTEES AND TRUST FUND

1.1 NAME OF TRUST

(a) This Trust shall be entitled the "Rhode Island Sheet Metal Workers Local No. 17 Annuity Income Fund Trust Agreement" (hereinafter referred to as the "Trust"), and shall carry into effect the provisions of the Plan created concurrently herewith and forming a part hereof. All of the definitions in such Plan are hereby incorporated herein by reference. The Trustee hereby agrees to act as Trustee of the Trust, and to take, hold, invest, administer and distribute in accordance with the following provisions, any and all contributions and assets paid or delivered to the Trustee pursuant to the Plan.

(b) All of the assets at any time held hereunder by the Trustee are hereinafter referred to collectively as the "Trust Fund". All right, title and interest in and to the assets of the Trust Fund shall be at all times, vested exclusively in the Trustee.

(c) The Trustee shall receive, take and hold any contributions paid to the Trustee by the Employer in cash or in other property acceptable to the Trustee. All contributions so received together with the income therefrom and any other increment thereon shall be held managed and administered by the Trustee pursuant to the terms of this Agreement without distinction between principal and income and without liability for the payment of interest thereon. The Trustee shall not be responsible for the collection of any contributions to the Plan.

## ARTICLE II
## PLAN

2.1 DELIVERY OF PLAN TO TRUSTEE

The Employer shall deliver to the Trustee a copy of the Plan and of any amendment thereto for convenience of reference, but rights, powers, titles, duties, discretions and immunities of the Trustee shall be governed solely by this instrument without reference to the Plan.

## ARTICLE III
## ADMINISTRATOR

3.1 NOTIFICATION OF NAME OF ADMINISTRATOR

(a) The Plan provides for the appointment of an Administrator or Administrators (herein referred to as the "Administrator"), to administer the Plan. The Employer shall notify the Trustee in writing of the name of the Administrator, and of any change in the identity of such Administrator. Until notified of the change, the Trustee shall be fully protected in acting upon the assumption that the identity of the Administrator has not been changed.

(b) All directions by the Administrator to the Trustee shall be in writing signed by such Administrator.

(c) The Employer shall furnish to the Trustee a specimen signature of the Administrator or Administrators at the time he or they are appointed.

(d) The Administrator shall have sole responsibility for determining the existence, non-existence, nature and amount of the rights and interests of all persons in the Trust Fund.

## ARTICLE IV
## CONTRIBUTIONS

4.1 RECEIPT OF CONTRIBUTION

The Trustee shall receive all contributions paid in cash or other property acceptable to the Trustee, and all contributions so received together with the income therefrom and any increment thereon shall be held, managed and administered by the Trustee pursuant to this Agreement without distinction between principal and income. The Trustee shall have no duty to require any contributions to be made to the Trustee by the Employer or to determine that the amounts received comply with the Plan, or to determine that the Trust Fund is adequate to provide the benefits payable pursuant to the Plan.

ARTICLE V
TRUSTEE

5.1 BASIC RESPONSIBILITIES OF THE TRUSTEE

The Trustee shall have the following categories of responsibilities:

(a) Consistent with the "funding policy and method" determined by the Union and the Employers, to invest, manage, and control the Plan assets subject, however, to the direction of an Investment Manager if the Union and the Employers should appoint such manager as to all or a portion of the assets of the Plan in accordance with the provisions of the Plan;

(b) At the direction of the Administrator, to pay benefits required under the Plan to be paid to Participants, or, in the event of their death, to their Beneficiaries;

(c) To maintain records of receipts and disbursements and furnish to the Union and the Employers and/or Administrator for each Plan Year a written annual report per Section 5.6; and

(d) If there shall be more than one Trustee, they shall act by a majority of their number, but may authorize one or more of them to sign papers on their behalf.

5.2 INVESTMENT POWERS AND DUTIES OF THE TRUSTEE

(a) The Trustee shall invest and reinvest the Trust Fund to keep the Trust Fund invested without distinction between principal and income and in such securities or property, real or personal, wherever situated, as the Trustee shall deem advisable, including, but not limited to, stocks, common or preferred, bonds and other evidences of indebtedness or ownership, and real estate or any interest therein. The Trustee shall at all times in making investments of the Trust Fund consider, among other factors, the short and long-term financial needs of the Plan on the basis of information furnished by the Union and the Employers. In making such investments, the Trustee shall not be restricted to securities or other property of the character expressly authorized by the applicable law for trust investments; however, the Trustee shall give due regard to any limitations imposed by the Code or the Act so that at all times the Plan may qualify as a qualified Plan and Trust.

(b) The Trustee may employ a bank or trust company pursuant to the terms of its usual and customary bank agency agreement, under which the duties of such bank or trust company shall be of a custodial, clerical and record-keeping nature.

5.3 OTHER POWERS OF THE TRUSTEE

The Trustee, in addition to all powers and authorities under common law, statutory authority, including the Act, and other provisions of the Plan, shall have the following powers and authorities, to be exercised in the Trustee's sole discretion:

(a) To purchase, or subscribe for, any securities or other property and to retain the same. In conjunction with the purchase of securities, margin accounts may be opened and maintained;

(b) To sell, exchange, convey, transfer, grant options to purchase, or otherwise dispose of any securities or other property held by the Trustee, by private contract or at public auction. No person dealing with the Trustee shall be bound to see to the application of the purchase money or to inquire into the validity, expediency, or propriety of any such sale or other disposition, with or without advertisement;

(c) To vote upon any stocks, bonds, or other securities; to give general or special proxies or powers of attorney with or without power of substitution; to exercise any conversion privileges, subscription rights or other options, and to make any payments incidental thereto; to oppose, or to consent to, or otherwise participate in, corporate reorganizations or other changes affecting corporate securities, and to delegate discretionary powers, and to pay any assessments or charges in connection therewith; and generally to exercise any of the powers of an owner with respect to stocks, bonds, securities, or other property;

(d) To cause any securities or other property to be registered in the Trustee's own name or in the name of one or more of the Trustee's nominees, and to hold any investments in bearer form, but the books and records of the Trustee shall at all times show that all such investments are part of the Trust Fund;

(e) To borrow or raise money for the purposes of the Plan in such amount, and upon such terms and conditions, as the Trustee shall deem advisable; and for any sum so borrowed, to issue a promissory note as Trustee, and to secure the repayment thereof by pledging all, or any part, of the Trust Fund; and no person lending money to the Trustee shall be bound to see to the application of the money lent or to inquire into the validity, expediency, or propriety of any borrowing;

(f) To keep such portion of the Trust Fund in cash or cash balances as the Trustee may, from time to time, deem to be in the best interests of the Plan, without liability for interest thereon;

(g) To accept and retain for such time as the Trustee may deem advisable any securities or other property received or acquired as Trustee hereunder, whether or not such securities or other property would normally be purchased as investments hereunder;

(h) To make, execute, acknowledge, and deliver any and all documents of transfer and conveyance and any and all other instruments that may be necessary or appropriate to carry out the powers herein granted;

(i) To settle, compromise, or submit to arbitration any claims, debts, or damages due or owing to or from the Plan, to commence or defend suits or legal or administrative proceedings, and to represent the Plan in all suits and legal and administrative proceedings;

(j) To employ suitable agents and counsel and to pay their reasonable expenses and compensation, and such agent or counsel may or may not be agent or counsel for the Employer;

(k) To apply for and procure from responsible insurance companies, to be selected by the Administrator, as an investment of the Trust Fund such annuity, or other Contracts (on the life of any Participant) as the Administrator shall deem proper; to exercise, at any time or from time to time, whatever rights and privileges may be granted under such annuity, or other Contracts; to collect, receive, and settle for the proceeds of all such annuity or other Contracts as and when entitled to do so under the provisions thereof;

(l) To invest funds of the Trust in time deposits or savings accounts bearing a reasonable rate of interest in the Trustee's bank;

(m) To invest in Treasury Bills and other forms of United States government obligations;

(n) To sell, purchase and acquire put or call options if the options are traded on and purchased through a national securities exchange registered under the Securities Exchange Act of 1934, as amended, or, if the options are not traded on a national securities exchange, are guaranteed by a member firm of the New York Stock Exchange;

(o) To deposit monies in federally insured savings accounts or certificates of deposit in banks or savings and loan associations;

(p) To do all such acts and exercise all such rights and privileges, although not specifically mentioned herein, as the Trustee may deem necessary to carry out the purposes of the Plan.

5.4 DUTIES OF THE TRUSTEE REGARDING PAYMENTS

At the direction of the Administrator, the Trustee shall, from time to time, in accordance with the terms of the Plan, make payments out of the Trust Fund. The Trustee shall not be responsible in any way for the application of such payments.

5.5 TRUSTEE'S COMPENSATION AND EXPENSES AND TAXES

The Trustee may be paid such reasonable compensation as shall from time to time be agreed upon in writing by the Union, the Employers and the Trustee. In addition, the Trustee shall be reimbursed for any reasonable expenses, including reasonable counsel fees incurred by it as Trustee. Such compensation and expenses shall be paid from the Trust Fund. All taxes of any kind and all kinds whatsoever that may be levied or assessed under existing or future laws upon, or in respect of, the Trust Fund or the income thereof, shall be paid from the Trust Fund.

5.6 ANNUAL REPORT OF THE TRUSTEE

Within a reasonable period of time after the Plan Anniversary Date for each Plan Year, the Trustee shall furnish to the Union, the Employers and Administrator a written statement of account with respect to the Plan Year setting forth:

(a) the net income, or loss, of the Trust Fund;

(b) the gains, or losses, realized by the Trust Fund upon sales or other disposition of the assets;

(c) the increase, or decrease, in the value of the Trust Fund;

(d) all payments and distributions made from the Trust Fund; and

(e) such further information as the Trustee and/or Administrator deems appropriate. The Union and the Employer, forthwith upon receipt of each such statement of account, shall acknowledge receipt thereof in writing and advise the Trustee and/or Administrator of their approval or disapproval thereof. Failure by the Union and the Employers to disapprove any such statement of account within thirty (30) days after its receipt thereof shall be deemed an approval thereof. The approval by the Union and the Employers of any statement of account shall be binding as to all matters embraced therein as between the Union, the Employers and the Trustee to the same extent as if the account of the Trustee had been settled by judgment or decree in an action for a judicial settlement of its account in a court of competent jurisdiction in which the Trustee, the Union, the Employers and all persons having or claiming an interest in the Plan were parties; provided, however, that nothing herein contained shall deprive the Trustee of its right to have its accounts judicially settled if the Trustee so desires.

5.7 AUDIT

(a) If an audit of the Plan's records shall be required by the Act and the regulations thereunder for any Plan Year, the Administrator shall direct the Trustee to engage on behalf of all Participants an independent qualified public accountant for that purpose. Such accountant shall, after an audit of the books and records of the Plan in accordance with generally accepted auditing standards, within a reasonable period after the close of the Plan Year, furnish to the Administrator and the Trustee a report of his audit setting forth his opinion as to whether any statements, schedules or lists that are required by Act Section 103 or the Secretary of Labor to be filed with the Plan's annual report, are presented fairly in

conformity with generally accepted accounting principles applied consistently. All auditing and accounting fees shall be an expense of and may, at the election of the Administrator, be paid from the Trust Fund.

(b) If some or all of the information necessary to enable the Administrator to comply with Act Section 103 is maintained by a bank, insurance company, or similar institution, regulated and supervised and subject to periodic examination by a state or federal agency, it shall transmit and certify the accuracy of that information to the Administrator as provided in Act Section 103(b) within one hundred twenty (120) days after the end of the Plan Year or by such other date as may be prescribed under regulations of the Secretary of Labor.

5.8 RESIGNATION, REMOVAL AND SUCCESSION OF TRUSTEE

(a) The Trustees shall be six in number, three of whom shall be Union Trustees and three of whom shall be Employer Trustees.

(b) The three Union Trustees shall be designated and elected by the members of Sheet Metal Workers Union Local 17. The three Employer Trustees shall be designated and appointed by the Sheet Metal Contractors Association of Rhode Island.

(c) Any Trustee may resign at any time by delivering to the Employer, at least thirty (30) days before its effective date, a written notice of his resignation. A Trustee may resign by giving a shorter notice provided the remaining Trustees deem the notice to be sufficient.

(d) The Employers may remove an Employer Trustee by mailing by registered or certified mail, addressed to such Trustee at his last known address, at least thirty (30) days before its effective date, a written notice of his removal.

(e) In case any Employer Trustee or successor Employer Trustee shall die, become incapable of acting, resign or be removed, a successor Employer Trustee shall be immediately designated by the Association which designated him. Upon the filing with the remaining Trustees of a certificate in writing signed by the President or Secretary of the Association, such designation shall be effective and binding in all respects.

Any Employer Trustee or his successor Employer Trustee may be removed at any time by the Employer which designated him by filing with the remaining Trustee a certificate in writing to such effect executed by a duly authorized officer of the Employers. If the Employers have been dissolved, the group of Employers presently comprising their successor is hereby empowered to appoint successor Trustees or effectuate the removal of incumbent Trustees.

(f) In case any Union Trustee or successor Union Trustee shall die, become incapable of acting, resign, or be removed, a successor Union Trustee shall be elected by members of Sheet Metal Workers Local 17 governed by the Rhode Island collective bargaining agreement. Upon the filing with the remaining Trustees of a certificate in writing signed by the President or Secretary of the Union, such designation shall be effective and binding in all respects.

Any Union Trustee or successor Union Trustee may be replaced by the Union which designated him in the event of death, or malfeasance as a Trustee. The Union shall file with the remaining Trustees a certificate in writing to such effect executed by the President or Secretary of the Union.

(g) If for any reason whatever any Employer or Union Trustee desires a judicial settlement of his account or the accounts of the Annuity Income Fund, such actions or proceeding shall be conducted, if at all, entirely at the expense of the petitioner or plaintiff, and the cost and expense of any such action or proceeding shall not become a charge of expense against or payable out of the Annuity Income Fund.

(h) Anything herein contained to the contrary notwithstanding, in the event the estate of any deceased Trustee hereunder cannot be administered and resolved under the laws and rules of procedure in the jurisdiction in which he or they shall have died domiciled, solely because of said decedent having acted as a Trustee hereunder, without obtaining a discharge and acquittance from his Trusteeship as required by said court, then the Fund shall be obliged to obtain and pay all costs for securing such discharge and acquittance.

(i) It is the intention hereof that the Annuity Income Fund shall at all times be administered by an equal number of Employer Trustees and Union Trustees, but in the event of a vacancy or vacancies, until the designation of a successor Trustee or Trustees, as hereinbefore provided, the remaining Trustees shall have the full power to act and shall act, as a class.

ARTICLE VI
AMENDMENT, TERMINATION AND MERGERS

6.1 AMENDMENT

(a) The Employers and the Union, acting jointly by agreement, shall have the right at any time to amend this Agreement. However, no such amendment which affects the rights, duties or responsibilities of the Trustee and Administrator may be made without the Trustee's and Administrator's written consent. Any such amendment shall become effective as provided therein upon its execution. The Trustee shall not be required to execute any such amendment unless the amendment affects the duties of the Trustee hereunder.

(b) No amendment to this Agreement shall be effective if it authorizes or permits any part of the Trust Fund (other than such part as is required to pay taxes and administration expenses) to be used for or diverted to any purpose other than for the exclusive benefit of the Participants or their Beneficiaries or estates; or cause any reduction in the amount credited to the account of any Participant; or cause or permit any portion of the Trust Fund to revert to or become property of the Employers or the Union.

(c) Except as permitted by Regulations (including Regulation 1.411(d)-4), no amendment to this Agreement or transaction having the effect of an amendment to this Agreement (such as a merger, plan transfer or similar transaction) shall be effective if it eliminates or reduces any "Section 411(d)(6) protected benefit" or adds or modifies conditions relating to "Section 411(d)(6) protected benefits" the result of which is a further restriction on such benefit unless such protected benefits are preserved with respect to benefits accrued as of the later of the execution date or effective date of the amendment. "Section 411(d)(6) protected benefits" are benefits

described in Code Section 411(d)(6)(A), early retirement benefits and retirement-type subsidies, and optional forms of benefit.

6.2 TERMINATION

This Agreement and the Trust created hereby will terminate as to the Employers and the Union in the case of complete distribution of the Trust Fund held for the benefit of the Participants pursuant to the Plan. Such distribution will be at the time and manner determined by the Administrator pursuant to the requirements of the Plan with written instructions to the Trustee. Except as permitted by Regulations, the termination of the Plan shall not result in the reduction of "Section 411(d)(6) protected benefits" in accordance with Section 6.1(c).

6.3 MERGER OR CONSOLIDATION

This Trust may be merged or consolidated with, or its assets and/or liabilities may be transferred to any other trust only if the benefits which would be received by a Participant of the Plan, in the event of a termination of the Plan immediately after such transfer, merger or consolidation are at least equal to the benefits the Participant would have received if the Plan had terminated immediately before the transfer, merger or consolidation, and such transfer, merger or consolidation does not otherwise result in the elimination or reduction of any "Section 411(d)(6) protected benefits" in accordance with Section 6.1(c).

ARTICLE VII
MISCELLANEOUS

7.1 QUALIFIED TRUST

The Trust is hereby designated as constituting a part of the Plan which is intended to continue to qualify and to be tax exempt under Section 401(a) and Section 501(a), respectively, of the Code, and of the Act, as amended from time to time. Until advised otherwise, the Trustee may conclusively presume that this Trust is qualified under Section 501(a) of the Code as amended from time to time, and that this Trust is exempt from federal income taxes.

7.2 CONSTRUCTION OF AGREEMENT

This Trust shall be construed and enforced according to the Act and the laws of the State of Rhode Island, other than its laws respecting choice of law, to the extent not pre-empted by the Act.

7.3 GENDER AND NUMBER

Wherever any words are used herein in the masculine, feminine or neuter gender, they shall be construed as though they were also used in another gender in all cases where they would so apply, and whenever any words are used herein in the singular or plural form, they shall be construed as though they were also used in the other form in all cases where they would so apply.

7.4 LEGAL ACTION

In the event any claim, suit, or proceeding is brought regarding the Trust and/or Plan established hereunder to which the Trustee or the Administrator may be a party, and such claim, suit, or proceeding is resolved in favor of the Trustee or Administrator, they shall be entitled to be reimbursed from the Trust Fund for any and all costs, attorney's fees, and other expenses pertaining thereto incurred by them for which they shall have become liable.

7.5 HEADINGS

The headings and subheadings of this Plan have been inserted for convenience of reference and are to be ignored in any construction of the provisions hereof.

7.6 IRREVOCABILITY OF TRUST

All contributions made by the Employer shall be irrevocable, and no part of the corpus of the Trust Fund nor any income therefrom shall revert to the Employer or be used for or diverted to purposes other than for the exclusive benefit of the Participants and their Beneficiaries, except as provided by law, as provided in the Plan.

IN WITNESS WHEREOF, this Trust has been executed the day and year first above written.

Rhode Island Sheet Metal Workers
Local No. 17

By ______________________

UNION TRUSTEE

UNION TRUSTEE

UNION TRUSTEE

Sheet Metal Contractors
Association of Rhode Island

By ______________________

EMPLOYER TRUSTEE

EMPLOYER TRUSTEE

EMPLOYER TRUSTEE